IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY K. PEARSALL, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-20-2740 |
| WARDEN OF BALTIMORE COUNTY DETENTION CENTER, | * | |
| | * | |
| Respondent. | | |

\*\*\*

# MEMORANDUM OPINION

THIS MATTER is before the Court on Respondent's Motion to Dismiss (ECF No. 9). The Motion is ripe for disposition, and no hearing is necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will grant Respondent's Motion and dismiss the Petition without prejudice.

## I.   BACKGROUND

On March 6, 2020, Petitioner Danny K. Pearsall was charged with Fourth Degree Sex Offense, Reckless Endangerment, Possession of a Firearm with a Felony Conviction, and other related offenses in the District Court of Maryland for Baltimore County. State v. Pearsall, Case No. D-08-CR-20-010478 (Dist. Ct. Balt. Cnty.).[1] He was subsequently denied bail pending trial. Id. Through counsel, Pearsall filed an omnibus motion on March

---

[1] Records related to Pearsall's proceedings in the District Court of Maryland for Baltimore County and the Circuit Court for Baltimore County are available at http://casesearch.courts.state.md.us.

10, 2020, in part demanding a speedy trial. Id. Due to court closures necessitated by the COVID-19 pandemic, Pearsall's preliminary hearing was rescheduled several times between April and May 2020. See id.; (see also Administrative Orders, ECF No. 9-4).[2]

On April 22, 2020, Pearsall, through counsel, filed a Writ for Habeas Corpus to the Circuit Court for Baltimore County. Pearsall v. Warden, Case No. C-03-CV-20-001830 (Cir. Ct. Balt. Cnty.); (see also State Petition, ECF No. 9-5). Following a hearing on May 5, 2020, the Circuit Court denied the Petition. See Pearsall v. Warden, Case No. C-03-CV-20-001830. Pearsall did not note an appeal.

On July 1, 2020, a grand jury indicted Pearsall in the Circuit Court for Baltimore County. State v. Pearsall, Case No. C-03-CR-20-001577 (Cir. Ct. Balt. Cnty.); (see also Indictment, ECF No. 9-6). On August 14, 2020, Pearsall, through counsel, filed a Motion for a Bail Review, which the Circuit Court denied. (See Bail Review, ECF No. 9-7). On September 10, 2020, Pearsall again demanded a speedy trial through counsel's omnibus mandatory Motion. (See Omnibus Motion, ECF No. 9-8). Although trial was originally scheduled for February 3, 2021, it has been postponed to August 9, 2021. See State v. Pearsall, Case No. C-03-CR-20-001577.

On or about September 14, 2020, while detained at the Baltimore County Detention Center, Pearsall filed the present Petition for a Writ of Habeas Corpus alleging that his pretrial detention violates his right to a speedy trial under the Sixth Amendment. (ECF No. 1). On February 2, 2021, Respondent filed a Motion to Dismiss arguing that the Petition

---

[2] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

should be denied and dismissed because Pearsall has not exhausted his state court remedies and there has been no Sixth Amendment violation. (ECF No. 9). Pearsall filed an Opposition on February 9, 2021. (ECF No. 13). On February 17, 2021, Pearsall submitted a filing entitled "Motion to Dismiss," which reiterated his Sixth Amendment claim and asserted that he is not required to exhaust any state remedies. (ECF No. 14). Respondent opposed both of Pearsall's filings. (ECF Nos. 15, 18).

## II.     DISCUSSION

**A.     <u>Failure to Exhaust</u>**

Respondent contends that the Petition must be dismissed because Pearsall failed to exhaust his administrative remedies in state court.[3] The Court agrees. Contrary to Pearsall's unsupported assertion, a petitioner must exhaust all available state court remedies before seeking habeas corpus relief in this Court. <u>See</u> 28 U.S.C. § 2254(b), (c); <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 491 (1973). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. <u>See</u> <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. <u>See</u> <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224–26 (5th Cir. 1987). Special circumstances justifying this court's intervention do not exist where there are procedures

---

[3] Because the Court will dismiss the Petition for failure to exhaust administrative remedies, the Court need not evaluate the Petition on the merits or consider Respondent's argument that there was no violation of Pearsall's Sixth Amendment rights.

in place to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975) (finding that assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F.2d 117, 120–21 (2d Cir. 1979) (holding that double jeopardy claim justified pretrial federal habeas intervention because the claimed constitutional right would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489–90 (1973).

Here, Pearsall is not entitled to pretrial federal habeas relief because he has not exhausted his state court remedies and there are no special circumstances justifying intervention by this Court. First, after the Circuit Court denied Pearsall's request for habeas relief on May 5, 2020, Pearsall did not seek appeal of this decision to the Maryland Court of Special Appeals. See Md. Code Ann., Cts. & Jud. Proc. § 3-701 ("A judge of the circuit court for a county, of the Court of Special Appeals, or of the Court of Appeals has the power to grant the writ of habeas corpus and exercise jurisdiction in all matters pertaining to habeas corpus."). Moreover, as a pretrial detainee, Pearsall is able to seek review of his conditions of release throughout the pendency of his trial. Indeed, Pearsall exercised this right when he filed a motion in the Circuit Court on January 21, 2021 seeking reviewing of his bail.

In sum, because the trial against Pearsall is forthcoming, Pearsall did not exhaust his administrative remedies in state court for pretrial habeas relief, and there are other

4

avenues available for Pearsall to challenge his pretrial detention, federal habeas intervention is inappropriate at this time. Accordingly, the Petition must be dismissed without prejudice.

**B.** **Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773–74 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Pearsall fails to satisfy this standard, the Court declines to issue a Certificate of Appealability.

## III. CONCLUSION

For the foregoing reasons, the Petition will be dismissed without prejudice. The Court declines to issue a Certificate of Appealability. A separate Order follows.

Entered this 4th day of May, 2021.

_____/s/_____
George L. Russell III
United States District Judge
